IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60812
_____


EUGENE A. BROADHEAD, Ancillary Receiver and
Statutory Liquidator for the State Board of
Insurance in the State of Texas for Mission
National Insurance Co., and International
Insurance Company, ET AL.,

                                            Plaintiffs,

TOMLINSON INTERESTS, INC. AND REPUBLIC
REFINING CO.,

                    Intervenor Plaintiff-Counter Defendant-
                                            Appellee,

                      versus

THE HARTFORD CASUALTY INSURANCE COMPANY,
ET AL.,

                                            Defendants,

THE HARTFORD CASUALTY INSURANCE COMPANY;
HARTFORD ACCIDENT & INDEMNITY COMPANY,

                    Defendants-Counter Claimants-Appellant.
_____

          Appeal from the United States District Court for the
                    Southern District of Mississippi
                            (3:86-CV-667)
_____

                        October 15, 1996

Before REYNALDO G. GARZA, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

---

          [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

After reviewing the record, studying the briefs, and considering the arguments presented to this court, we have concluded that the district court committed no reversible error in this case.

The district court did not err in finding that Hartford was not entitled to reimbursement for the amount paid in the settlement of the Oil Field Rental Services claim. The judgment imposed on Tomlinson a legal obligation to pay damages resulting from property damage caused by an occurrence and, consequently, fell within the terms of the policy issued by Hartford. The mere fact that the judgment was premised on a theory of breach of the rental contract does not remove the loss from the scope of the coverage, because the ultimate cause of the loss was an occurrence--the blow out--which was unforeseen and unintended by the insured. Hartford was required to pay the judgment under the policy terms and is not entitled to recover its expenditures.

The district court likewise did not commit reversible error in concluding that Texas law governed the award of attorneys' fees and pre-judgment interest to Tomlinson. After conducting the appropriate conflicts of laws analysis as set forth in Boardman v. United Servs. Auto. Ass'n, 470 So.2d 1024 (Miss. 1985), the court properly concluded that Texas law governed the substantive issues

of this action, including the issues of attorneys' fees and pre-judgment interest.

The district court's conclusion that the non-waiver agreement signed by the parties was ineffective because of the reference to the incorrect policy number must also be upheld. Without a valid non-waiver agreement, Hartford's actions at the accident site following the blow out, including the processing and payment of claims, effectively estop Hartford from asserting the defense that Tomlinson breached the policy by acting without its consent in settling and paying claims. The district court correctly reached this conclusion.

Hartford argues that it was entitled to a set-off of certain sums paid by other insurers for the losses claimed by Tomlinson. Hartford, however, did not raise this affirmative defense in the pretrial order and thus waived the right to claim such a set-off. Furthermore, the trial judge did not abuse his discretion by refusing to allow the amendment of the pretrial order during trial. Absent an abuse of discretion the trial court's ruling on the issue of amendment of the pretrial order is no basis for reversal.

The evacuation expenses paid by Tomlinson following the blow out are an additional source of dispute in this appeal. Hartford argues that Tomlinson was not "legally obligated" to pay the expenses within the meaning of the policy or, in the alternative, that the failure to obtain Hartford's permission before paying such

3

expenses resulted in a breach of contract and therefore relieves Hartford of any liability under the policy.  The district court found that Tomlinson was legally obligated to pay these expenses pursuant to the emergency contingency plan filed with the State of Mississippi and that Hartford, by knowingly allowing such payments to be made by Tomlinson without objection, waived any defense to liability premised on a breach of the policy's no action clause. The district court carefully analyzed this issue and reached a well-reasoned and well-supported conclusion that we find to be correct.

In conclusion, we find no reversible error on any issue and, therefore, for the reasons assigned in its opinion, the judgment of the district court is

A F F I R M E D.